No. 464
REILEY et v. THORP et
Ohio Appeals, 6th Dist., Lucas Co.
No. 1504. Decided Feb. 24, 1925.

545 FORFEITURE—Not declared where amount agreed upon is extravagantly unreasonable and manifestly disproportionate to the actal damages sustained.

YOUNG, J.

William Riley brought an action in the Lucas Common Pleas against Orla Thorp for the purpose of having land in possession of Thorp forfeited by reason of a clause in a contract entered into between the parties which provided for a forfeiture of land, which Reiley sold to Thorp, in case he defaulted in payments therefore. The price of the land was $850 and Thorp had paid in $450 at the time the suit was commenced. Thorp filed an answer praying for a decree of performance by conveyance of the property and other equitable relief. The trial court found that Riley was not entitled to the relief prayed for and dismissed his petition; and having found a

balance due Riley under the contract found that Thorp was entitled to a conveyance.

Error was prosecuted by Riley and the Court of Appeals in affirming the judgment of the lower court held:

1. The courts were loathe to declare a forfeiture especially where it is manifested that the vendee has a substantial equity in the property and the same has been enhanced by improvements by him.

2. The amount agreed upon as liquidated damages is extremely unreasonable and very disproportionate to the actual damages sustained. Judgment will therefore be affirmed.

Attorneys—W. W. Hunt, for Riley; Edward H. Ray for Thorp; both of Toledo.